COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| KEVIN EARL CARSON, | | No. 08-12-00216-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 283rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC# F11-33604-T) |
| | § | |

## MEMORANDUM OPINION

Appellant was convicted of the offense of driving while intoxicated, a third-degree felony. The trial court certified that this was not a plea-bargain case and that Appellant had the right to appeal. Appellant filed a timely notice of appeal and a timely motion for new trial. While the appeal was pending, the trial court granted Appellant's motion for new trial and rendered a new judgment of conviction. The trial court certified that Appellant has waived his right of appeal. The certification is signed by Appellant and his counsel. Counsel for Appellant notified the Clerk of this Court of these developments and attached supporting documentation. In response, the Clerk sent a letter advising Appellant that it appears that the appeal should be dismissed based on the trial court's certification. The Clerk requested that Appellant submit a letter brief addressing his right to appeal. The Clerk has received no response, and the due date for the letter brief has expired.

Rule of Appellate Procedure 25.2(d) provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right

of appeal.   TEX.R.APP.P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006); *see Dears v. State*, 154 S.W.3d 610 (Tex.Crim.App. 2005).   As noted above, the trial court's certification reflects that Appellant has waived his right of appeal.   Accordingly, the appeal is dismissed.


November 28, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

2